J-S50009-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALBERT LEE HESLEY | : | |
| | : | |
| Appellant | : | No. 1593 WDA 2018 |

Appeal from the PCRA Order Entered October 5, 2018
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000451-2008

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    FILED SEPTEMBER 20, 2019

Albert Lee Hesley appeals from the order, entered in the Court of Common Pleas of Bedford County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm.

On October 28, 2009, Hesley pled nolo contendere to one count of rape of a child, 18 Pa.C.S.A. § 3121(c), following disclosure of the fact he had been sexually abusing his paramour's prepubescent son for nearly two years.  On February 19, 2010, following a hearing, the court determined Hesley was a sexually violent predator (SVP) and, on February 26, 2010, the court sentenced Hesley to 8 to 16 years' imprisonment.   Hesley filed a motion for

_____

[*] Retired Senior Judge assigned to the Superior Court.

reconsideration with respect to the SVP designation, which the court denied on April 14, 2010. Hesley did not file a direct appeal.

On September 4, 2010, Hesley filed a pro se PCRA petition challenging, among other things, his SVP status. Hesley filed an amended PCRA petition with the assistance of court appointed counsel on March 8, 2011. On July 28, 2011, Hesley's attorney filed a second amended PCRA petition. The court ultimately denied Hesley's PCRA petition on November 5, 2012, and, on June 12, 2013, this Court vacated the order denying PCRA relief and remanded with instructions to reinstate his right to appeal his judgment of sentence nunc pro tunc. Commonwealth v. Hesley, No. 1919 WDA 2012, at 1-2 (Pa. Super., filed June 12, 2013) (unpublished memorandum).

Hesley filed a notice of appeal nunc pro tunc on December 13, 2013, challenging the sufficiency of the evidence with respect to the SVP determination. This Court affirmed. Commonwealth v. Hesley, No. 116 WDA 2014, (Pa. Super., filed August 22, 2014) (unpublished memorandum). Hesley did not seek review in the Pennsylvania Supreme Court.

On August 20, 2018, Hesley filed the instant PCRA petition. The court appointed counsel and, on September 12, 2018, the PCRA court notified Hesley of its intention to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Hesley filed an amended petition on October 2, 2018, challenging his SVP status in light of Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) and Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super.

- 2 -

2017). The PCRA court dismissed Hesley's petition as untimely. Hesley filed a timely appeal. He raises one issue for our review:

> Whether the trial court abused its discretion in dismissing [Hesley's] PCRA petition and petition to correct illegal sentence (finding of being a "sexually violent predator") without a hearing as [Hesley's] classification as a "sexually violent predator" was done so under a statute that was ruled unconstitutional by Commonwealth v. Butler, 173 A.3d 121 (Pa. Super. 2017)?

Appellant's Brief, at 5.

In reviewing the propriety of a trial court's dismissal of a PCRA petition, we are limited to determining whether the record supports the court's findings and whether the order in question is free of legal error. See Commonwealth v. Halley, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. See Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). In this case, the PCRA court concluded that Hesley's petition was untimely and that no exceptions to the PCRA time-bar applied. For the following reasons, we agree.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Murray, 753 A.2d 201, 203 (Pa. 2000). "Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to

- 3 -

address the substantive claims." Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006) (citations omitted)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Hesley's judgment of sentence became final on September 22, 2014, thirty days after the expiration of the time for filing a discretionary appeal in the Pennsylvania Supreme Court. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Thus, in order to be timely, Hesley's petition would have had to have been filed by September 22, 2015. The instant petition, filed on August 20, 2018, is, therefore, patently untimely. Moreover, Hesley has failed to establish that one of the enumerated exceptions, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), applies.[1]

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

A petition invoking one of these exceptions must be filed within one year of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2] Here, Hesley asserts the exception to the PCRA's timeliness requirement for a newly-recognized constitutional right, invoking our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), and this Court's decision in Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018).

In Muniz, our Supreme Court held that retroactive application of the registration and reporting requirements of the Pennsylvania Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10–

_____

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from 60 days to one year from the date the claim could have been presented. See 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. Hesley's claim relies on Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), which was filed on July 19, 2017. Hesley's petition was filed on August 21, 2018, beyond the one-year time limit. To the extent that Hesley's relies on Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018), which was filed on October 31, 2017, to meet the one-year time period, we point out that Butler is a decision by this Court, not the Pennsylvania Supreme Court, and it cannot be relied upon to establish the newly-recognized constitutional right exception. See Commonwealth v. Brandon, 51 A.3d 231 (Pa. Super. 2012) (holding that language of section 9545(b)(1)(iii) does not contemplate that decision of Superior Court may provide basis for exception to PCRA's time bar).

9799.41, violated the ex post facto clauses of the United States and Pennsylvania Constitutions. Muniz, 164 A.3d at 1223. On October 31, 2017, this Court decided Butler and held in light of our Supreme Court's decision in Muniz, "section 9799.24(e)(3) of SORNA [involving SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." Butler, 173 A.3d at 1218. We point out, however, that Hesley was determined to be an SVP on February 19, 2010, pursuant to Megan's Law III.[3] The holding in Butler does not apply to SVP findings made pursuant to Megan's Law, nor have our appellate courts held that Butler may be applied retroactively to pre-SORNA SVP designations.

To the extent Hesley's claim implicates the timeliness exception of subsection 9545(b)(1)(iii), that the decisions in Muniz and Butler satisfy the newly-recognized constitutional right exception, such reliance would not satisfy the timeliness exception. As this Court held in Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018):

> [W]e acknowledge that this Court has declared that "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [the petitioner's] PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii). Because at this time, no

_____

[3] SORNA took effect on December 20, 2012.

- 6 -

such holding has been issued by our Supreme Court, [the petitioner] cannot rely on Muniz to meet th[e third] timeliness exception.

Murphy, 180 A.3d at 405-406 (citation omitted).  In other words, this Court concluded that the holding in Muniz does not apply at this point to untimely-filed PCRA petitions.  Additionally, our Supreme Court has not held that our decision in Butler applies retroactively, even if Butler could be construed as creating a new constitutional right.[4]

For the foregoing reasons, we conclude Hesley's instant PCRA petition was untimely filed, and he has not pled and proven an exception to the PCRA time requirement.  Thus, he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2019

_____

[4] On July 31, 2018, the Pennsylvania Supreme Court granted allowance of appeal in Butler. If the Supreme Court issues a decision holding that Butler applies retroactively, Hesley may file another PCRA petition within one year of that decision, attempting to invoke a time-bar exception in subsection 9545(b)(1)(iii). See Act 2018, Oct. 24, P.L. 894, No. 146, §§ 2 and 3 (recent amendment to the PCRA Act); see also Commonwealth v. Murphy, 180 A.3d 402, 406 n.1 (Pa. Super. 2018).